FISHER, Associate Judge,
dissenting:
Holding that an unlawful seizure occurred, the majority focuses on the impact of the warrant check, an issue that was not properly raised in either the trial court or this court. We should treat this argument as forfeited. See Lowery v. United States, 3 A.3d 1169, 1177 (D.C. 2010); Artis v. United States, 802 A.2d 959, 965 (D.C. 2002).
Two days before trial, defense counsel filed an untimely and perfunctory motion to suppress which claimed that the police had unlawfully searched the cigarette box without consent after ordering appellant to place it on the police car. The motion did not mention a warrant check, much less assert that it had turned a consensual encounter into a seizure. This is important because neither the trial court nor the prosecutor was put on notice of the need to create a factual record illuminating that issue. The warrant check was mentioned in the testimony, but defense counsel did not argue that it was a factor which turned the encounter into a seizure. I see nothing to indicate that appellant was “detained” while the warrant check was completed.
*599 Appellant certainly did not pursue that issue on appeal. Instead he asserted that he was “illegally seized ... when [Officer Blier] blocked [his] path in a narrow alley and asked him a series of accusatory questions.” Neither appellant’s opening brief nor his reply brief makes an issue of the warrant check, and neither cites Ramsey or Gordon, the cases on which the majority principally relies. The government understandably did not brief that issue.
The day before oral argument in this court, appellant filed a Rule 28 (k) letter citing Ramsey. That belated effort did not properly raise the issue for our consideration. It is well established that an appellant may not properly raise a new issue in a reply brief, see District of Columbia v. Patterson, 667 A.2d 1338, 1346 n.18 (D.C. 1995), and we should not consider a new claim presented even later, in a letter filed the day before argument.
Putting basic fairness aside, Ramsey is factually distinguishable because the officer in that case apparently retained the defendant’s identification while conducting the warrant check. A suspect naturally would be reluctant to walk away and leave his ID behind. Appellant was not carrying any identification, so that factor does not apply here. Moreover, Gordon’s holding was more modest than the majority describes. The police questioned Gordon for about ten minutes and repeatedly checked their computer databases. 120 A.3d at 76-77. We considered the computer checks to be a factor in the Fourth Amendment analysis, but concluded “[m]ore specifically, [that] the repeated questioning, especially when combined with the computer database searches, would convey to a reasonable person that the police were unsatisfied with his answers — to the point that he would not be free to leave until the computer database returned a positive result.” Id. at 81. Nothing comparable happened here.
I dissent.